UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN　DIVISION at　DAYTON

| | | |
|---|---|---|
| In re　Scott J. Holden | ) | Case No.　19-30649 |
| 　　　　Janice L. Holden | ) | |
| | ) | Chapter 13 |
| | ) | Judge　Guy R. Humphrey |
| Debtor(s) | | |

**CHAPTER 13 PLAN**

**1. NOTICES**

> The Debtor has filed a case under chapter 13 of the Bankruptcy Code. A notice of the case (Official Form 309I) will be sent separately.
>
> This is the Mandatory Form Chapter 13 Plan adopted in this District. Local Bankruptcy Rule ("LBR") 3015-1. "Debtor" means either a single debtor or joint debtors as applicable. "Trustee" means Chapter 13 Trustee. Section "§" numbers refer to sections of Title 11 of the United States Bankruptcy Code. "Rule" refers to the Federal Rules of Bankruptcy Procedure.

> Unless otherwise checked below, the Debtor is eligible for a discharge under § 1328(f).
> ☐ Debtor _____ is **not eligible** for a discharge.
> ☐ Joint Debtor _____ is **not eligible** for a discharge.

> ☒ **Initial Plan**
>
> ☐ **Amended Plan**　The filing of this Amended Plan shall supersede any previously filed Plan or Amended Plan and must be served on the Trustee, the United States trustee and all adversely affected parties. If the Amended Plan adversely affects any party, the Amended Plan shall be accompanied by the twenty-one (21) day notice. Rule 2002(a)(9). Any changes (additions or deletions) from the previously filed Plan or Amended Plan must be clearly reflected in bold, italics, strike-through or otherwise in the Amended Plan filed with the Court. LBR 3015-2(a)(1).

> If an item is not checked, the provision will be ineffective if set out later in the Plan.
> ☒ **This Plan contains nonstandard provisions in Paragraph 13.**
> ☒ **The Debtor proposes to limit the amount of a secured claim based on the value of the collateral securing the claim. See Paragraph(s) 5.1.2 and/or 5.1.4.**
> ☐ **The Debtor proposes to eliminate or avoid a security interest or lien. See Paragraph(s) 5.4.1 and/or, 5.4.2 and 5.4.3.**
>
> **NOTICES TO CREDITORS: You should read this Plan carefully, including Paragraph 13 (Nonstandard Provisions), and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Except as otherwise specifically provided, upon confirmation, you will be bound by the terms of this Plan. Your claim may be reduced, modified, or eliminated. The Court may confirm this Plan if no timely objection to confirmation is filed.**

**2. PLAN PAYMENT AND LENGTH**

**2.1 Plan Payment.**  The Debtor shall pay to the Trustee the amount of $ ___1,000___ per month. [Enter step payments below, if any.] The Debtor shall commence payments within thirty (30) days of the petition date.

**2.1.1 Step Payments, if any:** _____

**2.2 Unsecured Percentage**

☒ **Percentage Plan.** Subject to Paragraph 2.3, this Plan will not complete earlier than the payment of __36__ % on each allowed nonpriority unsecured claim.

☐ **Pot Plan.** Subject to Paragraph 2.3, the total amount to be paid by the Debtor to the Trustee is $ _____ . Assuming all claims are filed as scheduled or estimated by the Debtor, payment on each allowed nonpriority unsecured claim is estimated to be no less than _____ %. LBR 3015-1(c)(2).

**2.3 Means Test Determination**

☐ **Below Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the plan must be a minimum of thirty-six (36) months but not to exceed sixty (60) months.

☒ **Above Median Income.** Unless the allowed nonpriority unsecured claims are paid 100%, the projected length of the Plan must be sixty (60) months.

**3. PRE-CONFIRMATION LEASE PAYMENTS AND/OR ADEQUATE PROTECTION PAYMENTS**

Pre-confirmation personal property lease payments governed by § 1326(a)(1)(B) shall be made as part of the total plan payment to the Trustee. LBR 3070-1(a). Pre-confirmation adequate protection payments governed by § 1326(a)(1)(C) shall be made as part of the total plan payment to the Trustee. LBR 3070-1(b). The lessor/secured creditor must file a proof of claim to receive payment. LBR 3070-1(a) and (b).

| Name of Lessor/Secured Creditor | Property Description | Monthly Payment Amount |
|---|---|---|
| One Main Financial | 2005 Dodge Ram 1500 | $200 |
| Consumer Portfolio Services, Inc. | 2014 Jeep Wrangler | $600 |

**4. SECURED CLAIMS:  TREATMENT, TIMING AND SERVICE REQUIREMENTS**

4.1   Non-Governmental Unit Secured Claims. The Debtor may propose to limit the amount of a secured claim based on the value of the collateral securing the claim by the procedure proposed in Paragraphs 5.1.2 and 5.1.4. Further, the Debtor may propose to eliminate or avoid a security interest or lien by the procedure proposed in Paragraphs 5.4.1, 5.4.2 and 5.4.3. If the Debtor proposes to seek any of the above-stated relief by way of motion or claim objection, the motion or claim objection must be filed on or before the § 341 meeting of creditors or the confirmation hearing may be delayed. If a judicial lien or nonpossessory, nonpurchase-money security interest is discovered after confirmation of the Plan, a motion to avoid the judicial lien or security interest may be promptly filed after it is discovered.

4.2   Governmental Unit Secured Claims. A request to determine the amount of the secured claim of a governmental unit or to modify and eliminate the secured claim of a governmental unit may be made **only** by motion or claim objection. Rule 3012(c). Any motion or claim objection that includes a request to determine the amount of the secured claim of a governmental unit (including any such motion or claim objection that also includes a request to determine the amount of the secured claim of a non-governmental entity) may be filed **only** after the governmental unit files a proof of claim or after the time for filing one has expired. Rule 3012, advisory committee note (2017 Amendments).

4.3  Service Requirements. If the Debtor proposes to seek relief under Paragraphs 5.1.2, 5.1.4, 5.4.1, 5.4.2, or 5.4.3, the motion, Plan or claim objection, as applicable, must be served in the manner provided by Rule 7004 for service of a summons and complaint. Rule 3007(a)(2), Rule 3012(b), Rule 4003(d) and General Order 22-2.

4.4  Retention of Lien. The holder of any claim listed in Paragraphs 5.1.2, 5.1.4 and 5.4.1 will retain its lien on the property interest of the Debtor or the Debtor's estate until the earlier of --(a) payment of the underlying debt determined under nonbankruptcy law, (b) discharge of the underlying debt under 11 U.S.C. § 1328, or (c) completion of the Plan --at which time the lien will terminate and be released by the creditor

## 5. PAYMENTS TO CREDITORS

SUMMARY OF PAYMENTS BY CLASS

| Class | Definition | Payment/Distribution by Trustee |
|---|---|---|
| Class 1 | Claims with Designated Specific Monthly Payments | Paid first in the monthly payment amount designated in the Plan |
| Class 2 | Secured Claims with No Designated Specific Monthly Payments and Domestic Support Obligations (Arrearages) | Paid second and pro rata with other Class 2 claims |
| Class 3 | Priority Claims | Paid third and pro rata with other Class 3 claims |
| Class 4 | Nonpriority Unsecured Claims | Paid fourth and pro rata with other Class 4 claims |
| Class 5 | Claims Paid by a Non-Filing Co-Debtor or Third Party | Not applicable |
| Class 6 | Claims Paid by the Debtor | Not applicable |

Except as provided in Paragraph 3, the Trustee shall begin making distributions upon confirmation. To the extent funds are available, the maximum number of Classes may receive distributions concurrently. Notwithstanding the above, the Trustee is authorized within the Trustee's discretion to calculate the amount and timing of distributions as is administratively efficient.

### 5.1 CLASS 1 - CLAIMS WITH DESIGNATED SPECIFIC MONTHLY PAYMENTS

The following Class 1 claims shall be paid first in the monthly payment amount designated below. The plan payment is calculated in an amount that is sufficient for the Trustee to make a full monthly distribution on all Class 1 claims plus the statutory Trustee fee. If the Debtor makes a payment that is less than the full plan payment amount, the Trustee will make distributions on Class 1 claims in the order of priority set forth in the Bankruptcy Code.

#### 5.1.1 Maintenance of Regular Mortgage Payments

Regular mortgage payments shall be calculated for payment starting the month after the filing of the petition. Arrearages shall be paid as Class 2 claims.

**Trustee disburse.**

| | Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount | |
|---|---|---|---|---|---|
| | | | | $ | |

**Debtor direct pay.** Unless otherwise ordered by the Court, regular monthly mortgage payments may only be paid directly by the Debtor if the mortgage is current as of the petition date. LBR 3015-1(e)(1).

| Name of Creditor | Property Address | Residence (Y/N) | Monthly Payment Amount |
|---|---|---|---|
|  |  |  | $ |

**5.1.2 Modified Mortgages or Liens Secured by Real Property ["Cramdown/Real Property"]**

The following claims are subject to modification as (1) claims secured by real property that is not the Debtor's principal residence, (2) claims secured by other assets in addition to the Debtor's principal residence, or (3) claims for which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the Debtor's principal residence is due before the date on which the final payment under the plan is due. 11 U.S.C. §§ 1322(b)(2), (c)(2). To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

| Name of Creditor / Procedure | Property Address | Value of Property | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|
| (Creditor)<br>☐ Motion<br>☐ Plan<br>☐ Claim Objection |  | $ | % | $ |

**5.1.3 Claims Secured by Personal Property for Which § 506 Determination is Not Applicable ["910 Claims/Personal Property"]**

The following claims are secured by a purchase money security interest in either (1) a motor vehicle acquired for the Debtor's personal use within 910 days of the petition date or (2) personal property acquired within one year of the petition date. The proof of claim amount will control, subject to the claims objection process.

| Name of Creditor | Property Description | Purchase Date | Estimated Claim Amount | Interest Rate | Minimum Monthly Payment Including Interest |
|---|---|---|---|---|---|
| Consumer Portfolio Services, Inc. | 2014 Jeep Wrangler | 1/24/2019 | $24,124 | 6.5% | $600 |

**5.1.4 Claims Secured by Personal Property for Which § 506 Determination is Applicable ["Cramdown/Personal Property"]**

The following claims are secured by personal property not described above in Paragraph 5.1.3. To the extent that a claim is in excess of the value of the property, the balance in excess of the value of the property shall be treated as a Class 4 nonpriority unsecured claim. See Paragraph 4 for more information.

| Name of Creditor / Procedure | Property Description | Purchase/ Transaction Date | Value of Property | Interest Rate | Minimum Monthly Payment Including Interest | |
|---|---|---|---|---|---|---|
| One Main Financial<br>☐ Motion<br>☒ Plan<br>☐ Claim Objection | 2005 Dodge Ram 1500 | 07/2017 | $4,353 | 6.5% | $ 200 | |

**5.1.5 Domestic Support Obligations (On-Going) - Priority Claims under § 507(a)(1)**

If neither box is checked, then presumed to be none.

☐ **Trustee disburse**

☐ **Debtor direct pay**

The name of any holder of any domestic support obligation as defined in § 101(14A) shall be listed below. If the Debtor becomes subject to a domestic support obligation during the Plan term, the Debtor shall notify his or her attorney and the Trustee.

| Name of Holder | State Child Support Enforcement Agency, if any | Monthly Payment Amount | |
|---|---|---|---|
| | | $ | |

**5.1.6 Executory Contracts and Unexpired Leases**

**The Debtor rejects** the following executory contracts and unexpired leases.

> **Notice to Creditor of Deadline to File Claim for Rejection Damages:**
> A proof of claim for rejection damages must be filed by the creditor within seventy (70) days from the date of confirmation of the Plan. Rule 3002(c)(4). Such claim shall be treated as a Class 4 nonpriority unsecured claim.

| Name of Creditor | Property Description | |
|---|---|---|
| | | |

**The Debtor assumes** the following executory contracts and unexpired leases. Unless otherwise ordered by the Court, all motor vehicle lease payments shall be made by the Trustee. LBR 3015-1(d)(2). Any prepetition arrearage shall be cured in monthly payments prior to the expiration of the executory contract or unexpired lease. The Debtor may not incur debt to exercise an option to purchase without obtaining Trustee or Court approval. LBR 4001-3.

**Trustee disburse.**

| Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/Lease Payment | Estimated Arrearage as of Petition Date | Contract/Lease Termination Date |
|---|---|---|---|---|---|
| | | | $ | $ | |

**Debtor direct pay.**

| Name of Creditor | Property Description | Regular Number of Payments Remaining as of Petition Date | Monthly Contract/Lease Payment | Estimated Arrearage as of Petition Date | Contract/Lease Termination Date |
|---|---|---|---|---|---|
| | | | $ | $ | |

### 5.1.7 Administrative Claims

The following claims are administrative claims. Unless otherwise ordered by the Court, requests for additional attorney fees beyond those set forth below will be paid after the attorney fees set forth below and in the same monthly amount as set forth below. LBR 2016-1(b).

| Name of Claimant | Total Claim | Amount to be Disbursed by Trustee | Minimum Monthly Payment Amount |
|---|---|---|---|
| Jeffrey R. McQuiston | $3,700 | $2,250 | 125.00 |

### 5.2 CLASS 2 - SECURED CLAIMS WITH NO DESIGNATED MONTHLY PAYMENTS AND DOMESTIC SUPPORT OBLIGATIONS (ARREARAGES)

#### 5.2.1 Secured Claims with No Designated Monthly Payments

The following claims are secured claims with no designated monthly payments, including mortgage arrearages, certificates of judgment and tax liens. The proof of claim amount shall control, subject to the claims objection process. Class 2 claims shall be paid second and shall be paid pro rata with other Class 2 claims.

| Name of Creditor | Estimated Amount of Claim |
|---|---|
| | $ |

#### 5.2.2 Domestic Support Obligations (Arrearages) - Priority Claims under § 507(a)(1)

☐ **Trustee disburse**

☐ **Debtor direct pay**

The name of any holder of any domestic support obligation arrearage claim or claim assigned to or owed to a governmental unit and the estimated arrearage amount shall be listed below.

| Name of Holder | State Child Support Enforcement Agency, if any | Estimated Arrearage |
|---|---|---|
| | | $ |

### 5.3 CLASS 3 - PRIORITY CLAIMS

Unless otherwise provided for in § 1322(a), or the holder agrees to a different treatment, all priority claims under § 507(a) shall be paid in full in deferred cash payments. § 1322(a). Class 3 claims shall be paid third and shall be paid pro rata with other Class 3 claims.

### 5.4 CLASS 4 - NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims shall be paid a dividend as provided in Paragraph 2.2. Class 4 claims shall be paid fourth and shall be paid pro rata with other nonpriority Class 4 claims.

#### 5.4.1 Wholly Unsecured Mortgages/Liens

The following mortgages/liens are wholly unsecured and may be modified and eliminated. See *In re Lane*, 280 F.3d 663 (6th Cir. 2002). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

|   | Name of Creditor / Procedure | Property Address |   |   |
|---|---|---|---|---|
| 1 | (Creditor)<br>☐ Motion<br>☐ Plan | | | |
|   | Value of Property | SENIOR Mortgages/Liens (Amount/Lienholder) | | Amount of Wholly Unsecured Mortgage/Lien |
| 1 | $ | $ | (Lienholder)   + X C | $ |

#### 5.4.2 Judicial Liens Impairing an Exemption in Real Property

The following judicial liens impair the Debtor's exemption in real property and may be avoided under § 522(f)(1)(A). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

|   | Name of Creditor / Procedure | Property Address | Value of Property | Exemption |
|---|---|---|---|---|
| 1 | (Creditor)<br>☐ Motion<br>☐ Plan | | $<br>Debtor's Interest<br>$ | $<br>Statutory Basis<br>§ |
|   | OTHER Liens or Mortgages (Amount/Lienholder Name) | | Judicial Lien | Amount of Judicial Lien to be Avoided |
| 1 | $   (Lienholder)   + X C | | $<br>Recorded Date | $<br>Effective Upon: |

### 5.4.3 Nonpossessory, Nonpurchase-Money Security Interest in Exempt Property

The following nonpossessory, nonpurchase-money security interests impair the Debtor's exemption in personal property and may be avoided under § 522(f)(1)(B). See Paragraph 4 for additional information. Preferred form motions and orders are available on the Court's website at www.ohsb.uscourts.gov.

| Name of Creditor / Procedure | Property Description | Value of Property | Exemption | Amount of Security Interest to be Avoided | |
|---|---|---|---|---|---|
| (Creditor)<br>☐ Motion<br>☐ Plan | | $ | $<br>Statutory Basis<br>§ | $<br>Effective Upon: | |

### 5.4.4 Mortgages to be Avoided Under 11 U.S.C. § 544

The following debts secured by a mortgage will be paid as unsecured claims concurrent with other Class 4 claims. The Debtor or the Trustee shall file an adversary proceeding to determine whether the mortgage may be avoided. To the extent that the Trustee has standing to bring such action, standing is hereby assigned to the Debtor, provided a colorable claim exists that would benefit the estate.

| Name of Creditor | Action to be Filed By | Address of Property | |
|---|---|---|---|
| | ☐ Debtor<br>☐ Trustee | | |

### 5.5 CLASS 5 - CLAIMS PAID BY A NON-FILING CO-DEBTOR OR THIRD PARTY

The following claims shall <u>not</u> be paid by the Trustee or the Debtor but shall be paid by a non-filing co-debtor or third party.

| Name of Creditor | Name of Payor | |
|---|---|---|
| | | |

### 5.6 CLASS 6 - CLAIMS PAID DIRECTLY BY THE DEBTOR

The following claims shall <u>not</u> be paid by the Trustee but shall be paid directly by the Debtor.

| Name of Creditor | Monthly Payment Amount | |
|---|---|---|
| | $ | |

### 6. SURRENDER OF PROPERTY

The Debtor elects to surrender to the creditor the following property that is collateral for the creditor's claim. Upon confirmation of the Plan, the stay under § 362(a) and, if applicable, § 1301(a) shall be terminated as to the surrendered property only. Rule 3015(g)(2).

| Name of Creditor | Description of Property | |
|---|---|---|
| Mariner Finance | 2004 Chevrolet Trailblazer<br>174,000 miles<br>Fair Condition | |

**7. INTEREST RATE**

Unless otherwise stipulated by the parties, ordered by the Court or provided for in this Plan and except for claims treated in paragraph 5.1.1, secured claims shall be paid interest at the annual percentage rate of __6.5__ % based upon a declining monthly balance on the amount of the allowed secured claim. Interest is included in the monthly payment amount. *See Till v. SCS Credit Corp. (In re Till)*, 541 U.S. 465 (2004).

☐ **This is a solvent estate.** Unless otherwise provided, all nonpriority unsecured claims shall be paid in full with interest at _____% from the date of confirmation. If this box is not checked, the estate is presumed to be insolvent.

**8. FEDERAL INCOME TAX RETURNS AND REFUNDS**

**8.1 Federal Income Tax Returns**

If requested by the Trustee, the Debtor shall provide the Trustee with a copy of each federal income tax return filed during the Plan term by April 30 of each year.

**8.2 Federal Income Tax Refunds**

Notwithstanding single/joint tax filing status, the Debtor may annually retain the greater of (1) any earned income tax credit and additional child tax credit or (2) $3,000 of any federal income tax refund for maintenance and support pursuant to § 1325(b)(2) and shall turnover any balance in excess of such amount to the Trustee. Unless otherwise ordered by the Court, tax refunds turned over to the Trustee shall be distributed by the Trustee for the benefit of creditors. Any motion to retain a tax refund in excess of the amount set forth above shall be filed and served pursuant to LBR 9013-3(b).

**9. OTHER DUTIES OF THE DEBTOR**

**9.1 Change of Address, Employment, Marital Status, or Child or Spousal Support Payments**

The Debtor shall fully and timely disclose to the Trustee and file any appropriate notice, application or motion with the Court in the event of any change of the Debtor's address, employment, marital status, or child or spousal support payments.

**9.2 Personal Injury, Workers Compensation, Buyout, Severance Package, Lottery Winning, Inheritance, or Any Other Amount**

The Debtor shall keep the Trustee informed as to any claim for or expected receipt of money or property regarding personal injury, workers compensation, buyout, severance package, lottery winning, inheritance, or any other funds to which the Debtor may be entitled or becomes entitled to receive. Before the matter can be settled and any funds distributed, the Debtor shall comply with all requirements for filing applications or motions for settlement with the Court as may be required by the Bankruptcy Code, the Bankruptcy Rules or the Local Bankruptcy Rules. Unless otherwise ordered by the Court, these funds shall be distributed by the Trustee for the benefit of creditors.

**9.3 Social Security**

The Debtor shall keep the Trustee informed as to any claim for or expected receipt of social security funds.

**10. INSURANCE**

**10.1 Insurance Information**

As of the petition date, the Debtor's real and personal property is insured as follows.

| Property Address/ Description | Insurance Company | Policy Number | Full/Liability | Agent Name/Contact Information | |
|---|---|---|---|---|---|
| 2014 Jeep Wrangler Sport | Safe Auto | OHO15848 01 A-O | Full | 1-800-723-3288 | |
| 2005 Dodge Ram 1500 | Safe Auto | OHO15848 01 A-O | Full | 1-800-723-3288 | |

**10.2 Casualty Loss Insurance Proceeds (Substitution of Collateral)**

If a motor vehicle is deemed to be a total loss while there is still an unpaid claim secured by the motor vehicle, the Debtor shall have the option to use the insurance proceeds to either (1) pay off the balance of the secured claim through the Trustee if the secured creditor is a named loss payee on the policy or (2) upon order of the Court, substitute the collateral by purchasing a replacement motor vehicle. If a replacement motor vehicle is purchased, the motor vehicle shall have a value of not less than the balance of the unpaid secured claim, the Debtor shall ensure that the lien of the creditor is transferred to the replacement motor vehicle, and the Trustee shall continue to pay the allowed secured claim. Unless otherwise ordered by the Court, if any insurance proceeds remain after paying the secured creditor's claim, these funds shall be distributed by the Trustee for the benefit of creditors.

**11. EFFECTIVE DATE OF THE PLAN**

The effective date of the Plan is the date on which the order confirming the Plan is entered.

**12. VESTING OF PROPERTY OF THE ESTATE**

Unless checked below, property of the estate does not vest in the Debtor until the discharge is entered. The Debtor shall remain responsible for the preservation and protection of all property of the estate.

☐ Confirmation of the Plan vests all property of the estate in the Debtor in accordance with §§ 1327(b) and (c).

☐ Other _____

**13. NONSTANDARD PROVISIONS**

The nonstandard provisions listed below are restricted to those items applicable to the particular circumstances of the Debtor. Nonstandard provisions shall not contain a restatement of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the Mandatory Chapter 13 Form Plan. Any nonstandard provision placed elsewhere in this Plan is void and shall have no binding effect.

| Nonstandard Provisions | |
|---|---|
| On property surrendered under Section 6, upon confirmation of the Plan, the stay affecting this property shall be deemed modified to allow in rem disposition of the collateral to effect the surrender. The Creditor must timely file a proof of claim pursuant to B.R. 3002(c). Pursuant to L.B.R. 3001-1(d)(2), the Trustee will NOT pay on this claim to the listed creditors until the creditor files a deficiency claim. The deficiency claim shall be filed no later than 270 days from the date that the Plan is confirmed. If the deficiency claim is filed more than 270 days after the Plan is confirmed, then it shall be disallowed except upon further Order of the Court by the creditor filing timely a Motion to Extend Time or Motion to File Deficiency Claim Out of Time. The personal liability of the Debtor(s) shall be discharged upon completion of the Plan and the entry of Discharge. | |

By filing this Plan, the Debtor, if unrepresented by an attorney, or the Debtor's Attorney certifies that (1) the wording and order of provisions of this Plan are identical to those contained in the Mandatory Form Chapter 13 Plan adopted in this District and (2) this Plan contains no nonstandard provisions other than those set forth in Paragraph 13.

**Debtor's Attorney**

**Date:** 01/30/19

                                            **/s/** Jeffrey R. McQuiston

                                                Jeffrey R. McQuiston #0027605

                                                Jeffrey R. McQuiston Co. LPA

                                                130 W. Second St., Ste. 1818
                                                Dayton, OH 45402

                                            **Ph:** 937-226-7529

                                            **Fx:** 937-226-1224

                                                qlaws123@aol.com

| **Debtor** | **Joint Debtor** |
|---|---|
| /s/ Scott J. Holden | /s/ Janice L. Holden |
| **Date:** 01/30/19 | **Date:** 01/30/19 |

**NOTICE OF DEADLINE FOR OBJECTING TO PLAN CONFIRMATION**

Debtor has filed a Chapter 13 Plan or an Amended Chapter 13 Plan (collectively, the "Plan").

**Your rights may be affected.** You should read the Plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to confirm the Plan, you must file an objection to the Plan **within the later of:** 1) fourteen (14) days after the § 341 meeting of creditors is concluded; **OR** 2) twenty-one (21) days from the date set forth in the certificate of service of this Plan. If a timely objection to the Plan is filed within seven (7) days of the confirmation hearing date, the confirmation hearing will be rescheduled. Rule 3015(f).

Your objection to the Plan, explaining your position, must be filed with the Court and mailed by ordinary U.S. Mail to the United States Bankruptcy Court

120 West Third Street, Dayton OH 45402

OR your attorney must file the objection using the Court's ECF System.

The Court must **receive** your objection on or before the applicable deadline above.

You must also send a copy of your objection either by 1) the Court's ECF System or by 2) ordinary U.S. Mail to:

Scott J. & Janice L. Holden
316 Forest Ave.
Franklin, OH 45005

Jeffrey R. McQuiston
Jeffrey M. Kellner
and the United States trustee.

If you or your attorney does not take these steps, the Court may decide that you do not oppose the terms of the Plan and may enter an order confirming the Plan without further hearing or notice.

**Certificate of Service**

  I hereby certify that a copy of the foregoing Plan was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the Court and (ii) by **ordinary U.S. Mail** on 03/07/19  addressed to:

  All Creditors and interested parties

and (iii) by method of service as required by Bankruptcy Rule 7004  US Mail

  All Creditors and interested parties

                   **/s/** Jeffrey R. McQuiston
                      Jeffrey R. McQuiston #0027605
                      130 W. Second St., Ste. 1818
                      Dayton, OH 45402
                  **Ph:** 937-226-7529
                  **Fx:** 937-226-1224
                      qlaws123@aol.com

PLAN WORKSHEET
(COMPROMISE PLAN)
(Attach original to Trustee's copy of plan)

Holden
_____
DEBTOR'S LAST NAME                           DATE  1/30/2019_____

(To Nearest whole number)

1. TOTAL SECURED CLAIMS (including interest)                                $ 34,644         (1)
(This total is the sum of values of collateral or
the secured debt, whichever is less, plus interest to be paid in the plan.)
(Total does include mortgage arrearage)
(Total does include delinquent real estate taxes plus interest)

2. CHILD SUPPORT\ALIMONY ARREARAGES (To be paid in full)                    $    0           (2)

3. TAXES (To be paid in full) (including interest if any)                   $  0             (3)

4. SPECIAL CLASSES OF UNSECURED CLAIMS TO BE PAID IN FULL
        (including interest if any)                                         $    0           (4)

5. ATTORNEY FEE                                                             $ 2,250          (5)

6. TOTAL MORTGAGE PAYMENTS _____ X _____                      $ 0              (6)
                            MONTHS   MONTHLY MORTGAGE PAYMENT

7. PRECONFIRMATION MORTGAGE PAYMENTS _____ times 2                 $ 0              (7)
                                     Monthly Mortgage Payment

8. TOTAL MANDATORY PAYMENTS (Items I + 2 +3 +4+5 +6+7)                      $ 36,894         (8)
60
9. TOTAL PROPOSED PAYMENTS INTO PLAN    60    X  1000                         60,000         (9)
    (INCLUDING MORTGAGE PAYMENT)     MONTHS   MONTHLY PAYMENT

10. ADMINISTRATION EXPENSE (Item 9 times 0.07)                              $ 4,200          (10)

11. AMOUNT AVAILABLE FOR UNSECURED CLAIMS

     60,000   minus  36,894     minus   4,200                               $ 18,906         (11)
     ITEM 9         ITEM 8              ITEM 10

12. TOTAL UNSECURED CLAIMS                                                  $ 51,600         (12)

        (Does NOT include any claims included in items 1-10)
        (Does include unsecured portion of secured claims)
        (Should be net balance due on debts)

13. PERCENT COMPROMISE OF UNSECURED CLAIMS

  18,906     divided by  51,600            times 100 equals    36      %(13)
  ITEM 11                ITEM 12
                            including mortgage payment

14. ARE NUMBER OF MONTHS IN ITEMS 6 AND 9 THE SAME?
(If no, then must recalculate using the same number of months)    YES _____    NO _____

```
Label Matrix for local noticing      Synchrony Bank                          Account Resolution Services
0648-3                                c/o PRA Receivables Management, LLC    Attn: Bankruptcy
Case 3:19-bk-30649                    PO Box 41021                           Po Box 459079
Southern District of Ohio             Norfolk, VA 23541-1021                 Sunrise, FL 33345-9079
Dayton
Thu Mar  7 17:20:44 EST 2019

Ad Astra Recovery                     Advance America                        Assetcare
7330 W 33rd Street North              52 Millard Dr.                         Attn: Bankruptcy
Wichita, KS 67205-9369                Franklin, OH 45005-2024                2222 Texoma Pkwy
                                                                             Sherman, TX 75090-2470


Asst US Trustee (Day)                 Atrium Medical Center                  Brandenburg & Associates
Office of the US Trustee              c/o JP Recovery Services, Inc.         62 Remick Blvd.
170 North High Street                 PO Box 16749                           Springboro, OH 45066-9168
Suite 200                             Rocky River, OH 44116-0749
Columbus, OH 43215-2417


Capio Partners                        Capio Partners Llc                     Cashland
2222 Texoma Pkwy # 150                Attn: Bankruptcy                       17 Triangle Park
Sherman, TX 75090-2481                Po Box 3498                            Cincinnati, OH 45246-3411
                                      Sherman, TX 75091-3498


Check Smart                           (p)CHOICE RECOVERY INC                 Coast to Coast Financial Solutions
6785 Bobcat Way, Ste. 200             1550 OLD HENDERSON ROAD                Attn: Bankruptcy
Dublin, OH 43016-1443                 STE 100                                101 Hodencamp Rd Ste 120
                                      COLUMBUS OH 43220-3662                 Thousand Oaks, CA 91360-5831


Consumer Portfolio Services, Inc.     Directv                                Dish Network
700 Independence Pkwy Ste, 400        P.O. Box 5007                          c/o afni
Chesapeake, VA 23320-5186             Carol Stream, IL 60197-5007            1310 Martin Luther King Dr.
                                                                             Bloomington, IL 61701-1465


Dixie Urgent Care                     Doctors Urgent Care                    Emergency Medicine Specialist
3868 McMann Rd.                       935 State Route 28                     P.O. Box 145406
Cincinnati, OH 45245-2306             Milford, OH 45150-1957                 Cincinnati, OH 45250-5406


Emergency Medicine Specialist         Franklin Municipal Court               Geico
c/o Transworld Systems Inc.           1 Benjamin Franklin Way                One Geico Plaza
P.O. Box 15740                        PO Box 292                             Bethesda, MD 20811-0001
Wilmington, DE 19850-5740             Franklin, OH 45005-0292


Hughes Network Systems                I C System Inc                         Jeffrey Bartnik DDS
c/o Joseph, Mann & Creed              Attn: Bankruptcy                       c/o Jeffrey H. Jordan
PO Box 1270                           P.O. Box 64378                         PO Box 30863
Twinsburg, OH 44087-9270              St. Paul, MN 55164-0378                Columbus, OH 43230-0863


Jeffrey H. Jordan                     Kettering Medical Center               Key Bank
PO Box 30863                          3535 Southern Blvd.                    c/o Capital Management Services, LP
Columbus, OH 43230-0863               Dayton, OH 45429-1298                  698 1/2 South Ogden St.
                                                                             Buffalo, NY 14206-2317
```

| | | |
|---|---|---|
| Kohls/Capital One<br>Kohls Credit<br>Po Box 3120<br>Milwaukee, WI 53201-3120 | MVHE, Inc.<br>P.O. Box 932807<br>Cleveland, OH 44193-2807 | Mariner Finance<br>8211 Town Center Dr<br>Nottingham, MD 21236-5904 |
| Med-Trans Inc.<br>c/o Schlee & Stillman LLC<br>50 Tower Office Park<br>Woburn, MA 01801-2113 | Medical Imaging Physicians, Inc.<br>2591 Miamisburg Centerville Rd. Ste. 302<br>Dayton, OH 45459-3706 | Medicount Management<br>PO Box 271280<br>Salt Lake City, UT 84127-1280 |
| Mercy Fairfield<br>c/o CBE group<br>1309 Technology Pkwy<br>Cedar Falls, IA 50613-6976 | Mercy Health<br>PO Box 630827<br>Cincinnati, OH 45263-0827 | Mercy Health - Fairfield Hospital<br>PO Box 630804<br>Cincinnati, OH 45263-5760 |
| Mercy Hospital Clermont<br>c/o Asset Care<br>2222 Texoma Pkwy, Ste. 180<br>Sherman, TX 75090-2484 | Mercy Hospital Fairfield<br>PO Box 630804<br>Cincinnati, OH 45263-0804 | Miami Valley Emergency Specialist<br>P.O. Box 951426<br>Cleveland, OH 44193-0016 |
| Miami Valley Emergency Specialist<br>c/o Choice Recovery, Inc.<br>1550 Old Henderson Rd., Ste. S100<br>Columbus, OH 43220-3662 | Middletown Cashloans<br>4770 Rosevelt Blvd.<br>Middletown, OH 45044-6250 | Midnight Velvet<br>Swiss Colony/Midnight Velvet<br>1112 7th Ave<br>Monroe, WI 53566-1364 |
| Montgomery Ward<br>c/o Merchants' Credit Guide Co.<br>223 W. Jackson Blvd. #700<br>Chicago, IL 60606-6914 | North American Credit Services, Inc.<br>2810 Walker Rd., Ste. 100<br>Chattanooga, TN 37421-1082 | Northstar Anesthesia of Ohio LLC<br>PO Box 227096<br>Dallas, TX 75222-7096 |
| OneMain Financial<br>Attn: Bankruptcy<br>601 Nw 2nd Street<br>Evansville, IN 47708-1013 | PNC Bank<br>c/o National Enterprise Systems<br>2479 Edison Blvd., Unit A<br>Twinsburg, OH 44087-2476 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| Parson Bishop Services<br>7870 Carmargo Road<br>Cincinnati, OH 45243-2695 | Plaza Services, LLC<br>110 Hammond Drive<br>Suite 110<br>Atlanta, GA 30328-4806 | Portfolio Recovery<br>Po Box 41021<br>Norfolk, VA 23541-1021 |
| Premier Emergency Care Service<br>PO Box 740021<br>Cincinnati, OH 45274-0021 | Premier Emergency Care Services, Inc.<br>PO Box 638712<br>Cincinnati, OH 45263-8712 | ProScan Imaging Mason<br>PO Box 630056<br>Cincinnati, OH 45263-0056 |
| Professional Radiology Inc.<br>c/o Controlled Credit Corpoartion<br>3687 Warsaw Ave.<br>Cincinnati, OH 45205-1744 | Progressive Claims<br>2260 Levis Commons Blvd.<br>Perrysburg, OH 43551-7142 | Progressive Leasing<br>256 West Data Drive<br>Draper, UT 84020-2315 |

| | | |
|---|---|---|
| Proscan<br>PO Box 633238<br>Cincinnati, OH 45263-3238 | Santander Consumer USA<br>Attn: Bankruptcy<br>Po Box 961245<br>Fort Worth, TX 76161-0244 | Southern Ohio Pathology<br>PO Box 58015<br>Raleigh, NC 27658-8015 |
| Southwest Ohio Anesthesia<br>7 Parkway Center #375<br>Pittsburgh, PA 15220-3704 | Spectrum<br>PO Box 429542<br>Cincinnati, OH 45242-9542 | Speedy Cash<br>c/o Ad Astra Recovery Services Inc.<br>8918 W. 21 St. N, Ste. 200 PMB 303<br>Wichita, KS 67205-1880 |
| Sycamore Hospital<br>c/o CBCS<br>PO Box 163279<br>Columbus, OH 43216-3279 | Time Warner Cable<br>c/o Credit Collection Services<br>725 Canton St.<br>Norwood, MA 02062-2679 | Trihealth<br>c/o GLA Collection Company, Inc.<br>PO Box 7728<br>Louisville, KY 40257-0728 |
| Trustees of Deerfield Township<br>c/o Medicount Management, Inc.<br>10361 Spartan Dr.<br>Cincinnati, OH 45215-1220 | UC Health of Cincinnati<br>c/o Controlled Credit Corporation<br>PO Box 5154<br>Cincinnati, OH 45205-0154 | UC Health-Hospital<br>c/o Choice Recovery, Inc.<br>1550 Old Henderson Rd., Ste. S100<br>Columbus, OH 43220-3662 |
| US Bank<br>c/o Capital Management Services, LP<br>698 1/2 Ogden St.<br>Buffalo, NY 14206-2317 | Janice L. Holden<br>316 Forest Avenue<br>Franklin, OH 45005-3616 | Jeffrey M Kellner<br>131 N Ludlow St<br>Suite 900<br>Dayton, OH 45402-1161 |
| Jeffrey R McQuiston<br>Allen Chern Law LLC<br>130 W Second St<br>Suite 1818<br>Dayton, OH 45402-1502 | Scott J. Holden<br>316 Forest Avenue<br>Franklin, OH 45005-3616 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Choice Recovery
1550 Old Henderson Road
Suite 100
Columbus, OH 43220

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)I C System Inc
Attn: Bankruptcy
Po Box 64378
St Paul, MN 55164-0378

End of Label Matrix
Mailable recipients    76
Bypassed recipients     1
Total                  77